UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff,          Case Number 22-10492

v.                                     Honorable David M. Lawson

MIKHAEL AMIRUL EL,

          Defendant.

_____/

## ORDER TO SHOW CAUSE

On February 9, 2022, defendant Mikhael Amirul El, proceeding *pro se*, filed a notice of removal purporting to remove this case from the 36th District Court in Detroit, Michigan. The initiating papers are lengthy and consist largely of recitations of various purported principles of law with dubious provenance. It appears that the defendant intended through his filing to remove to this Court the state court proceedings on a traffic ticket for illegal lane use and driving without a license. However, the notice of removal does not state any discernible concise basis for the attempted invocation of federal removal jurisdiction. After reviewing the filing, the Court finds that it does not allege any facts that plausibly support the defendant's attempt to invoke this Court's jurisdiction via his notice of removal. The Court therefore will order him to show cause why the case should not be remanded for want of jurisdiction and costs imposed.

"Federal courts are courts of limited jurisdiction" and only have "the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). State court actions mat be removed to federal court only if "the district courts of the United States [would] have [had] original jurisdiction . . . ." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and certain cases in which

the citizenship of the parties is diverse, 28 U.S.C. § 1332.  However, a claim falls within this Court's original jurisdiction under 28 U.S.C. § 1331 "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).  "[The well-pleaded complaint] rule provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction.  *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989).   And "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

In determining whether jurisdiction exists, the federal court must look to the state court complaint.  It is difficult to determine the exact nature of the action in the state court because no copies of the state court pleadings were attached to the defendant's notice of removal.  However, the defendant alleges in his notice of removal that he was charged in state court for violating certain traffic regulations.  Nothing in the notice of removal plausibly suggests that any aspect of the State's prosecution of the defendant arises under any federal law or constitutional provision, and the mere assertion that the prosecution somehow violates the defendant's rights under the United States Constitution does not plausibly validate the attempted invocation of this Court's jurisdiction, because "the existence of a federal defense normally does not create federal-question jurisdiction." *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 612 (6th Cir. 2013).  Assertions of

- 3 -

statutory or constitutional defenses under federal law are insufficient as a matter of law to support federal question jurisdiction.  *See ibid*.  And it appears that the only offenses with which the defendant is charged in state court arise entirely under state law.

Accordingly, it is **ORDERED** that defendant Mikhael Amirul El must **SHOW CAUSE** in writing, **on or before March 16, 2022**, why the case should not be remanded for want of jurisdiction and costs imposed on him for the removal proceedings.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   March 9, 2022